FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANANE MOHAMMED SEID,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-72176<br><br>Agency No. A077-832-855<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 16, 2009
San Francisco, California

Before:    W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON,[**]
           District Judge.

Hanane Mohammed Seid, a native and citizen of Ethiopia of Eritrean

descent, petitions for review of the Board of Immigration Appeals' ("BIA")

decision adopting, supplementing, and affirming the immigration judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kent J. Dawson, United States District Judge for the
District of Nevada, sitting by designation.

decision denying her application for asylum and ordering her removed from the United States.[1] The IJ did not make an adverse credibility determination as to Seid or her additional witness, and the parties agree that their testimony must be accepted as true. The parties dispute only whether Seid demonstrated a well-founded fear of persecution.

The Attorney General may grant asylum to any applicant who qualifies as a "refugee," including a person unable or unwilling to return to her country of origin "because of . . . a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1); *id.* § 1101(a)(42)(A); *Mengstu v. Holder*, 560 F.3d 1055, 1058 (9th Cir. 2009). We review for substantial evidence the decision determining whether an alien has established eligibility for asylum. *Malkandi v. Holder*, 576 F.3d 906, 912 (9th Cir. 2009).

The witness testimony and documentary evidence in the record compel the conclusion that if removed to Ethiopia, Seid will likely face arrest and imprisonment on the basis of her Eritrean origin. Although Seid was once able to return to Ethiopia without being detained or imprisoned, her visit lasted only

_____

[1]The BIA also affirmed the IJ's denial of Seid's claims for withholding of removal and CAT relief. Seid has not sought review of these determinations.

2

fifteen days and she traveled under her assumed Muslim name. Seid now lacks a passport and would return under circumstances in which her given name would be known. Once her identity and that of her family is determined, it is likely that she will be imprisoned and subjected to severe mistreatment, because of her Eritrean origin. This mistreatment is likely to include sexual abuse such as rape and torture.

We therefore grant the Petition for Review and hold that Seid is legally eligible for asylum on this basis. Because we do so, we do not reach Seid's claim that she has a well-founded fear of persecution based on facing potential expulsion to Eritrea. We remand in order that the Attorney General may exercise his discretion on Seid's asylum application. Finally, because we have granted Seid the relief requested in her Petition, we deny her motion to remand as moot.

**PETITION FOR REVIEW GRANTED; REMANDED; MOTION TO REMAND DENIED AS MOOT.**